| | | |
|---|---|---|
| Michele C. Choi | * | IN THE |
| 465 East Taylor Run Parkway | | |
| Alexandria, VA 22314 | * | UNITED STATES DISTRICT |
| | | |
| Plaintiff, | * | COURT |
| | | |
| v. | * | FOR THE |
| | | |
| Penny Pritzker, Secretary of Commerce | * | DISTRICT OF COLUMBIA |
| U.S. Department of Commerce | | |
| (U.S. Patent and Trademark Office) | * | |
| Washington, DC 20230 | | |
| | * | |
| Defendant. | | |
| | * | |
| Serve on: | | |
| | * | |
| United States Attorney's Office | | |
| Civil Process Clerk | * | |
| 555 4th Street, NW | | |
| Washington, DC 20530 | * | Case No.: |
| | | |
| AND | * | |
| | | |
| United States Attorney General | * | |
| U.S. Department of Justice | | |
| 950 Pennsylvania Avenue, NW | * | |
| Washington, DC 20530 | | |
| | * | |
| AND | | |
| | * | |
| Penny Pritzker, Secretary (official capacity) | | |
| U.S. Department of Commerce | * | |
| Herbert Clark Hoover Building | | |
| 14th & Constitution Ave., NW | * | |
| Washington, DC 20230 | | |
| | * | |
| *    *    *    *    *    *    *    * | *    *    *    *    * | |

## **COMPLAINT**

Michele C. Choi, by and through her attorneys, Paul V. Bennett, Esq. and Bennett and Ellison, P.C., hereby sues Penny Pritzker, Secretary, U.S. Department of Commerce (hereinafter referred to as "Dept. of Commerce") and states as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (hereinafter referred to as "Title VII").

2. This Court further has jurisdiction pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (hereinafter referred to as the "Rehabilitation Act").

3. That all the actions complained of herein took place at the United States Patent and Trademark Office (hereinafter referred to as "USPTO" or "the Agency"), located in Alexandria, V.A.

4. That USPTO is an agency of the Dept. of Commerce, headquartered in Washington, D.C.

5. Upon information and belief, Plaintiff's official personnel file is maintained and administered by the U.S. Office of Personnel Management ("OPM"), located in Washington, D.C.

6. That the Dept. of Commerce is a federal government agency employing fifteen (15) or more persons, and is an "employer" within the meaning of Title VII and the Rehabilitation Act.

7. In accordance with federal law, Plaintiff has properly exhausted her administrative remedies before timely filing suit.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff's race is Asian. Defendant USPTO was aware at all times herein of Plaintiff's race.

9. Plaintiff's gender is female. Defendant USPTO was aware at all times herein of Plaintiff's gender.

10. Plaintiff's disabilities are brain trauma (resulting from a car accident in 2001) and Major Depressive Disorder. Defendant USPTO was aware at all times herein of Plaintiff's disabilities.

11. Defendant USPTO hired Plaintiff on or around July 24, 2006 as a Patent Examiner. Plaintiff served as a GS-12, Step 3 Patent Examiner from approximately the end of May of 2012 to November 17, 2015.

12. As of November 17, 2015, Plaintiff's annual income was approximately eighty-eight thousand dollars ($88,000.00).

13. Plaintiff's job duties as Patent Examiner included, without limitation, reviewing patent applications to determine whether they met the statutory and regulatory requirements for the issuance of a patent.

14. At all times relevant hereto, Plaintiff's immediate supervisor was Usmaan Saeed (Pakistani male without disabilities), Supervisory Patent Examiner, Plaintiff's second-level supervisor was Wendy Garber (Caucasian female without disabilities), Group Director of Technology Center 2100, and Plaintiff's third-level supervisor was Donald Hajec (Caucasian male without disabilities), Assistant Deputy Commissioner for Patent Operations.

15. On or about December 15, 2013, Plaintiff received an Oral Warning for alleged unsatisfactory work performance in the critical element of Production. Plaintiff was given from approximately December 15, 2013 to April 5, 2014 to achieve a production level of at least eighty-eight percent (88%).

16. On or about April 20, 2014, Plaintiff received a Written Warning for alleged unsatisfactory work performance in the critical element of Production. Plaintiff was given from approximately April 20, 2014 to August 9, 2014 to achieve a production level of at least eighty-eight percent (88%).

17. Plaintiff successfully completed the above-referenced Written Warning Improvement Period and was consequently placed on a "maintenance period." During the "maintenance period," Plaintiff was required to maintain a minimum production rate of eighty-eight percent (88%).

18. Plaintiff achieved at least an eighty-eight percent (88%) production rate during the first "maintenance period" from approximately August 24, 2014 through December 13, 2014.

19. On or about March 12, 2015, during the second "maintenance period," Plaintiff requested a change in supervision. Ms. Garber stated that Plaintiff would be given a new supervisor only if she passed said "maintenance period."

20. On or about July 16, 2015, Defendant issued Plaintiff a "Notice of Proposed Removal," contending she had failed to achieve at least an eighty-eight percent (88%) production level in the second and third "maintenance periods."

21. During the second and third "maintenance periods," Plaintiff posted enough cases to meet and/or exceed the eighty-eight percent (88%) minimum production level.

However, Mr. Saeed returned cases which, although completed and posted by Plaintiff, were erroneously not counted towards production, thereby causing Plaintiff to fail said periods.

22. Mr. Saeed further held Plaintiff's cases for excessive periods of time prior to reviewing them, refused to assign her new cases when her work docket became low, and gave her inconsistent feedback resulting in her losing "auto-count status" for the second and third "maintenance periods," thereby substantially affecting the terms and conditions of her employment with the Defendant.

23. On October 8, 2015, Plaintiff was offered a "Last Chance Agreement," which she did not sign due to its unachievable requirements.

24. On November 17, 2015, Plaintiff was terminated from employment.

25. Plaintiff was treated differently from similarly situated employees outside the protected class, including, but not limited to, Margeshi Desai (Asian female without disabilities), Yu Zhao (Asian male without mental disabilities), Benjamin Norris (Caucasian male without disabilities), Brian Weinrich (Caucasian male without disabilities), and Mohammed I. Uddin (Indian male without disabilities), Patent Examiners, because they were not subjected to adverse employment actions, including, but not limited to, excessive case return by Mr. Saeed, having cases held by upper management (including Mr. Saeed) for an unreasonable length of time, having to attend mandatory weekly meetings with Mr. Saeed, and termination from employment.

26. At all times relevant herein, Plaintiff was meeting and/or exceeding Defendant USPTO's legitimate job expectations.

**COUNT I**
**DISCRIMINATION ON THE BASIS OF RACE**
**(Disparate Treatment)**
**Title VII of the Civil Rights Act of 1964**
**42 U.S.C. §§ 2000e, et seq.**

27. Plaintiff hereby restates and incorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. Plaintiff is a member of a protected class, Asian, at the time the subject discriminatory acts took place.

29. Plaintiff was qualified and satisfactorily performing her duties as a Patent Examiner.

30. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her race (Asian) – a protected class under Title VII.

31. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

32. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race (Asian).

33. That similarly situated employees outside the protected class, including, but not limited to, Benjamin Norris (Caucasian) and Brian Weinrich (Caucasian), Patent Examiners, were not subjected to adverse employment actions which Plaintiff endured, including, but not limited to, excessive case return by Mr. Saeed, having cases held by upper management (including Mr. Saeed) for an unreasonable length of time, having to attend mandatory weekly meetings with Mr. Saeed, and termination from employment.


34. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, mental anguish, and attorney's fees and litigation costs.

35. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### COUNT II
### DISCRIMINATION ON THE BASIS OF GENDER
### (Disparate Treatment)
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. §§ 2000e, et seq.

36. Plaintiff hereby restates and incorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

37. Plaintiff is a member of a protected class, female, at the time the subject discriminatory acts took place.

38. Plaintiff was qualified and satisfactorily performing her duties as a Patent Examiner.

39. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her gender (female) – a protected class under Title VII.

40. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

41. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender (female).

42. That similarly situated employees outside the protected class, including, but not limited to, Yu Zhao (male), Benjamin Norris (male), Brian Weinrich (male), and

      Mohammed I. Uddin (male), Patent Examiners, because they were not subjected to adverse employment actions which Plaintiff endured, including, but not limited to, excessive case return by Mr. Saeed, having cases held by upper management (including Mr. Saeed) for an unreasonable length of time, having to attend mandatory weekly meetings with Mr. Saeed, and termination from employment.

43. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, mental anguish, and attorney's fees and litigation costs.

44. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT III
## DISCRIMINATION ON THE BASIS OF DISABILITY
## (BRAIN TRAUMA AND MAJOR DEPRESSIVE DISORDER)
**The Rehabilitation Act of 1973**
**29 U.S.C. § 791, et seq.**

45. Plaintiff hereby restates and incorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

46. That Plaintiff has a "disability" as that term is defined in the Rehabilitation Act as she suffers from brain trauma and Major Depressive Disorder.

47. At all times relevant herein, Defendant was aware of Plaintiff's disabilities. Sometime in 2014, Plaintiff told Mr. Saeed and Ms. Garber about her brain trauma. Moreover, shortly after August 19, 2015, when Plaintiff was diagnosed with Major Depressive Disorder, she told Mr. Saeed about said diagnosis.

48. Prior to Plaintiff's formal diagnosis of Major Depressive Disorder, Defendant perceived Plaintiff as having a mental disability due to her noticeable fatigue, migraines, and stress.

49. That similarly situated employees outside the protected class, including, but not limited to, Margeshi Desai (without disabilities), Yu Zhao (without mental disabilities), Benjamin Norris (without disabilities), Brian Weinrich (without disabilities), and Mohammed I. Uddin (without disabilities), Patent Examiners, were not subjected to adverse employment actions which Plaintiff endured, including, but not limited to, excessive case return by Mr. Saeed, having cases held by upper management (including Mr. Saeed) for an unreasonable length of time, having to attend mandatory weekly meetings with Mr. Saeed, and termination from employment.

50. That the intentional discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

51. As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered lost wages, emotional distress, humiliation, mental anguish, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## PRAYER FOR DAMAGES

WHEREFORE, for the foregoing reasons, Michele C. Choi, Plaintiff, demands judgment against Defendant, Penny Pritzker, Secretary, U.S. Department of Commerce (U.S. Patent & Trademark Office) as follows:

a. $300,000.00 as compensatory damages;

b. Prejudgment and post judgment interest;

c. Award attorney's fees and costs, including expert witness fees, as allowed by law;

d. And for such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

_____/s/_____
Paul V. Bennett, Esq. (DC Bar No. 427358)
Bennett and Ellison, P.C.
133 Defense Hwy., Suite 209
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: pbennett@belawpc.com

*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Michele C. Choi, Plaintiff, hereby demands that this matter be tried by jury.

_____ /s/_____
Paul V. Bennett, Esq. (DC Bar No. 427358)