UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELE CHOI,<br>     Plaintiff,<br><br>     v.<br><br>JOSEPH MATAL, Interim Director, U.S.<br>Patent and Trademark Office,<br>     Defendant. | Civil Action No. 16-1125 (JDB) |

**MEMORANDUM OPINION & ORDER**

On June 15, 2016, plaintiff Michelle Choi filed suit against the Secretary of Commerce for discriminatory treatment she experienced as an employee of the U.S. Patent and Trademark Office. See Compl.[ECF No. 1]. She alleges that she was discriminated against based on her race, gender, and disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Rehabilitation Act, 29 U.S.C. § 791 et seq. As of April 13, 2017, however, the record did not indicate whether the defendant had been properly served in accordance with Federal Rule of Civil Procedure 4(m). The Court, therefore, issued an order requiring that "on or before May 12, 2017, plaintiff must either (1) file with the Court proof that defendant has been properly served with the summons and complaint, or (2) provide the Court with a written explanation as to why service of process has not been completed." On May 11, 2017, Choi filed a return of service affidavit and attachments demonstrating that the defendant was served on May 1, 2017.

The defendant has now [13] filed a motion to dismiss for improper venue, insufficient process, and insufficient service of process. See Fed. R. Civ. P. 12(b)(3)–(5). In the alternative, defendant asks this Court to transfer this case to the Eastern District of Virginia. Plaintiff consents to the transfer of venue to the Eastern District of Virginia, but opposes the motion to dismiss.

Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action . . . or order that service be made within a specified time frame." While Choi failed to serve the defendant within the required 90-pay period, she did properly serve the defendant within the new deadline of May 12, 20167, set by this Court's April 13 order. The government has not contested that the May 1 service was proper. Therefore the Court will deny defendant's motion to dismiss for insufficient process or insufficient service of process under Federal Rules of Civil Procedure 12(b)(4) and (5).

Federal Rule of Civil Procedure 12(b)(3) allows dismissal for improper venue. However, 28 U.S.C. § 1404(a) allows a transfer, rather than dismissal, to any district "to which all of the parties have consented." Here, defendant argues that because the principal office of the U.S. Patent and Trademark Office is located in Alexandria, Virginia, and Choi resides there as well, venue is proper in the Eastern District of Virginia rather than in the District of Columbia. See 35 U.S.C. § 1(b) ("The United States Patent and Trademark Office shall be deemed, for the purposes of venue in civil actions, to be a resident of the district in which its principal office is located[.]"). Choi, for her part, explains that she believed venue was proper in the District of Columbia because that is the headquarters of the Department of Commerce, of which the U.S. Patent and Trademark Office is a part. However, having been informed otherwise, she consents to the transfer to the Eastern District of Virginia. The Court will therefore deny defendant's motion to dismiss based on improper venue, and grant defendant's motion in the alternative to transfer this case to the U.S. District Court for the Eastern District of Virginia.

Finally, both plaintiff and defendant agree that the current caption is incorrect. The proper defendant is not Wilbur Ross, the Secretary of Commerce, but rather Joseph Matal, Interim Director of the United States Patent and Trademark Office. The Court will therefore grant [14]

plaintiff's motion to substitute Joseph Matal for Wilbur Ross as the defendant.  See Fed. R. Civ. P. 25(d); see also Matal v. Tam, 137 S. Ct. 1744 (2017) (listing Matal as interim director of the U.S. Patent and Trademark Office).

Accordingly, for the reasons explained above, it is hereby

**ORDERED** that [13] defendant's motion to dismiss or in the alternative to transfer venue is **GRANTED IN PART AND DENIED IN PART**; it is further

**ORDERED** that defendant's motion to dismiss is **DENIED**; it is further

**ORDERED** that defendant's unopposed motion to transfer venue to the U.S. District Court for the Eastern District of Virginia is **GRANTED**; and it is further

**ORDERED** that [14] plaintiff's motion to substitute Joseph Matal, Interim Director, U.S. Patent and Trademark Office, as the defendant is **GRANTED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  July 18 2017